UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
CHRISTIAN SANCHEZ,

               Petitioner,

               ORDER

      -against-

               16-CV-9418 (CS)
UNITED STATES OF AMERICA,      10-CR-392-19 (CS)

               Respondent.
-----------------------------------------------------x

Appearances:

Randa D. Maher
Great Neck, New York
*Attorney for Petitioner*

Abigail Kurland
Assistant United States Attorney
New York, New York
*Attorney for the United States*

Seibel, J.

      Before the Court is Christian Sanchez's petition under 28 U.S.C. § 2255, (Doc. 1003 ("Pet.")), and his motion to amend that petition, (Doc. 1144).[1]  I previously disposed of two of the three grounds raised in the petition, (*see* Docs. 1054, 1068, 1070, 1073, 1079, 1083), and held in abeyance briefing on the third ground – that the residual clause of 18 U.S.C. § 924(c) is void for vagueness –pending the Second Circuit's decision in *United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018), *vacated*, 139 S. Ct. 2774 (2019).  (Doc. 1030.)  Thereafter, at the request of the parties, I held briefing in abeyance pending the Supreme Court decision in *United States v. Davis*, 139 S. Ct. 757 (2019), (Docs. 1117-18), and then the Second Circuit's decision on

---

[1] All docket references are to No. 10-CR-392.

remand in *Barrett*, 937 F.3d 126 (2019) ("*Barrett II*"). Briefing has now been completed. (Docs. 1004, 1147-48, 1150, 1158, 1202.)

The Court assumes the parties' familiarity with the record in and the procedural history of the instant case and the underlying criminal case; the standards governing § 2255 petitions; and the *Davis/Barrett* line of cases. *Davis* rejected a case-specific approach to determining if an offense was a crime of violence under 18 U.S.C. § 924(c)(3)(B) – known as the residual or risk-of-force clause – and required a categorical approach. *See Barrett II*, 937 F.3d at 128. Under that approach, § 924(c)(3)(B) was found to be void for vagueness. *See id.* Thus, convictions under 18 U.S.C. § 924(c)(1)(A) or (j) that were based on underlying offenses such as conspiracies, which did not meet the requirements of 18 U.S.C. § 924(c)(3)(A) – known as the elements or force clause – would have to be vacated. *See id.*[2]

Petitioner argues here that four of his five convictions under §§ 924(c) or (j) must be vacated because their underlying offenses do not meet the elements clause.[3] Specifically, he challenges his convictions on:

---

[2] Section 924(c)(3) reads as follows:

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

[3] Defendant does not dispute that Count 29, a § 924(c) conviction based on an underlying narcotics conviction, should stand because it is based on a drug trafficking crime. *See* 18 U.S.C. §§ 924(c)(1)(A), (c)(2).

•Count 30, a § 924(c) charge arising from the discharge of a firearm in connection with a racketeering conspiracy;

•Count 37, a § 924(j) count arising from the discharge of a firearm in connection with a murder conspiracy, conspiracy to assault with a dangerous weapon, attempted murder and murder, all in aid of racketeering and all related to the murder of Jerome Scarlett;

•Count 39, a § 924(j) count arising from the discharge of a firearm in connection with a different murder conspiracy and murder in aid of racketeering, related to the murder of John Maldonado; and

•Count 40, a § 924(c) count arising from the discharge of a firearm in connection with an assault with a dangerous weapon in aid of racketeering, relating to the shooting of "Mike Mike."

The Government concedes that Count 30 must be vacated because it rests solely on a conspiracy count that does not meet § 924(c)(3)(A), which requires the predicate offense to have "as an element the use, attempted use, or threatened use of physical force." But it argues that the remaining counts should stand for two reasons: 1) Petitioner's vagueness challenge to those counts was procedurally defaulted because it could have been raised on direct appeal; and 2) those counts have valid underlying non-conspiracy predicates that meet the requirements of the elements clause. Petitioner disagrees, arguing that: 1) his procedural default should be excused because there is cause for his failure to raise the issue on appeal and prejudice to him if the merits are not reached; and 2) under *Johnson v. United States* ("*Johnson I*"), the term "physical force" means "*violent* force – that is, force capable of causing physical pain or injury to another person," 559 U.S. 133, 140 (2010) (emphasis in original), and: a) attempted murder in aid of racketeering and murder in aid of racketeering do not meet the requirements of § 924(c)(3)(A) under the categorical approach because they are based on state-law crimes that can be committed without force (such as by poison) or by omission (such as by starvation); and b) assault with a dangerous weapon in aid of racketeering does not meet the requirements of

3

§ 924(c)(3)(A) under the categorical approach because it is based on a state-law crime that can be committed recklessly, without intent to use physical force (such as by driving recklessly), or by omission (such as by failing to get medical care for a child).

I.  Procedural Default

Failure to raise a claim on direct appeal forecloses review of that claim under § 2255, unless the movant can show either cause and actual prejudice, or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622-23 (1998). This is so even if, after the conviction has become final, there is a change in substantive law helpful to the movant. *See id.* at 621-22; *United States v. Thorn*, 659 F.3d 227, 231-33 (2d Cir. 2011). To show cause for failure to raise the issue on direct appeal, the movant must demonstrate an objective factor that prevented him from raising it, such as the claim being so novel that it was not reasonably available. *Bousley*, 523 U.S. at 622. "[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Thorn*, 659 F.3d at 233 (internal quotation marks omitted). If others were raising the claim at the time of direct review, it was "available" even if it would not have succeeded in the particular court. *Bousley*, 523 U.S. at 622-23. To show prejudice, petitioner must show an error that "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (internal quotation marks omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

It is undisputed that Petitioner did not raise a vagueness challenge to Counts 37, 39 and 40 on direct appeal, but he argues that there is cause for that failure, in that the claim was not available at the time because *Davis* had not yet been decided and its predecessor, *Johnson v. United States* ("*Johnson II*"), 135 S. Ct. 2551 (2015) – which found void for vagueness a

provision of the Armed Career Criminal Act that was similarly worded to the residual clause – was not decided until after briefing on the appeal was concluded.  (Doc. 1158 at 2-3.)  I disagree.

"Many courts in this Circuit have found that defendants' failure to challenge their conviction pursuant to *Johnson* [*II*] on direct appeal precludes reliance on *Davis* in a collateral proceeding, because *Johnson* [*II*] provided all of the tools to construct a constitutional vagueness challenge to a conviction under the residual clause prior to *Davis*." *United States v. McCarron*, No. 15-CR-257, 2020 WL 2572197, at *5 (E.D.N.Y. May 20, 2020) (internal quotation marks omitted) (collecting cases).  Neither during the two months between the decision in *Johnson II* and oral argument,[4] at oral argument, or thereafter did Petitioner even attempt to request permission to include a vagueness challenge.  *See, e.g., United States v. Williams*, 756 F. App'x 72, 76 (2d Cir.) (summary order) (Court granted motion, made after oral argument, to file supplemental brief addressing vagueness of risk-of-force clause), *cert. denied*, 140 S. Ct. 189 (2019); *Cassidy v. Chertoff*, 471 F.3d 67, 74 n.1 (2d Cir. 2006) (after oral argument, plaintiffs moved to file supplemental brief to address recent decision).  Indeed, the Supreme Court granted *certiorari* in *Johnson II* months before Petitioner's opening brief in the Circuit was due.  *See Thorn*, 659 F.3d at 233 (claim available where, by the time of petitioner's direct appeal, other defense attorneys had raised the argument); *see also Vilar v. United States*, No. 16-CV-5283, 2020 WL 85505, at *1-2 (S.D.N.Y. Jan. 3, 2020) (assuming claim not reasonably available where no indication that *Davis* or *Johnson* was "even close to anybody's radar screen in 1987 or 1988").  The vagueness challenge was therefore available.  Petitioner also argues that raising the vagueness issue on appeal would have been futile because the claim would have failed under

---

[4]*Johnson II* was decided on June 26, 2015, and oral argument on Petitioner's case took place in the Second Circuit on August 21, 2015.

controlling Circuit precedent at the time, (Doc. 1158 at 4), but that the claim would have been "unacceptable to that particular court at that particular time" does not constitute cause, *Bousley*, 523 U.S. at 623 (internal quotation marks omitted).[5]

Further, although I need not reach prejudice, there is none with respect to Counts 37, 39 and 40 because – as discussed below – the record is clear that jury, in convicting on those counts, relied on crimes of violence that meet the elements clause of § 924(c). Petitioner does not argue actual innocence.

For the above reasons, the vagueness challenges to Counts 37, 39 and 40 are procedurally defaulted.

II.    Merits

I nevertheless reach the merits in an excess of caution.

The Government concedes that the conspiracy predicates of Counts 30, 37, 39 and 40 can no longer, after *Davis*, support a conviction under § 924(c) or § 924(j), because conspiracy to commit a crime of violence does not fit under the elements clause, and the residual clause is void for vagueness. But they argue that only Count 30 must be vacated, because Counts 37, 39 and 40 were predicated not just on a conspiracy to commit a crime of violence, but on actual crimes of violence that categorically fit under the elements clause – specifically, murder and attempted murder in aid of racketeering for Count 37, murder in aid of racketeering for Count 39, and assault with a dangerous weapon in aid of racketeering for Count 40. I agree.

---

[5]*Aquino v. United States*, No. 13-CR-536, 2020 WL 1847783 (S.D.N.Y. Apr. 13, 2020), does not require a different result. It found cause where a defendant had not appealed and his time to do so elapsed before *Johnson II* was decided. Here Petitioner did appeal. To the extent *Aquino* relied on the fact that Second Circuit case law at the time foreclosed the vagueness argument, *see id.* at *2, I respectfully find that reliance inconsistent with *Bousley*. *See Mizell v. United States*, No. 19-CV-6849, 2020 WL 2216561, at *5 (S.D.N.Y. May 6, 2020).

As a preliminary matter, the existence of at least one valid predicate for those counts suffices to preserve the conviction. "In the context of § 924(c), when a conviction rests on the use of a gun in relation to multiple predicates, and one of the predicates is later found to be invalid, the conviction may still survive if the § 924(c) charge is clearly supported by a predicate presenting no legal concern." *Rosario Figueroa v. United States*, No. 16-CV-4469, 2020 WL 2192536, at *4 (S.D.N.Y. May 6, 2020) (internal quotation marks and alteration omitted). Here the § 924 charges are "clearly supported" by non-conspiracy predicates, as evidenced by the jury's convictions for the substantive counts corresponding to those predicates. Specifically, the jury convicted Petitioner of Count 18, which charged the murder in aid of racketeering of Jerome Scarlett, and in convicting on Count 37 found the use of a firearm in connection with that offense.[6]  Likewise, the jury convicted Petitioner of Count 21, which charged the murder in aid of racketeering of John Maldonado, and in convicting on Count 39 found the use of a firearm in connection with that murder.[7]  Finally, the jury convicted Petitioner of Count 22, which charged assault with a dangerous weapon in aid of racketeering, and in convicting on Count 40 found that the weapon was a firearm.  There can thus be no doubt, as to all of these counts, that the jury found the use of the firearm not just in connection with the conspiracy predicate, but with the substantive crimes of violence as well.  And given that the counts all involved shootings and

---

[6]Count 37 charged a violation of § 924(j)(1), which imposes liability where a § 924(c) violation causes a death and "the killing is murder." 18 U.S.C. § 924(j)(1). Thus, in convicting on that count, the jury necessarily found the murder predicate to have been proven. Count 37 was also based on the attempted murder in aid of racketeering in Count 17, which involved Scarlett and Maldonado shooting at members of a rival gang, at Petitioner's behest. That attempted murder resulted in a shootout and Scarlett's death, as charged in Count 18, after which Sanchez, who blamed Maldonado for Scarlett's death, ordered that Maldonado be killed, as charged in Count 21.

[7]Count 39 was also a charge under § 924(j)(1).

each of the three victims ended up with one or more bullets in his body, there was no view of the evidence that would have permitted the jury to return those convictions based on any kind of weapon other than a firearm, or to have concluded that the firearm was used only in connection with a conspiracy. In short, "the evidence that the jury must have credited in order to convict the Defendant of [the substantive counts] was the evidence that proved the use of a gun in connection with th[ose counts]. Thus, Petitioner's conviction on [the § 924(c) and § 924(j) counts] was 'clearly supported' by the [substantive crime] predicate[s]." *Rosario Figueroa*, 2020 WL 2192536, at *5.

Accordingly, Counts 37, 39 and 40 survive if the substantive, non-conspiracy predicates constitute crimes of violence after *Davis*. Petitioner argues that they do not, because under the categorical approach under which they must be analyzed, *see Davis*, 139 S. Ct. at 2328,[8] they must have an element involving physical force; *Johnson I* requires that physical force be violent force, *see Johnson I*, 559 U.S. at 140; and under the New York statutes on which the charges of violent crime in aid of racketeering under were based, the predicate offenses can be committed by non-violent means, such as poison or omission. (*See* Doc. 1147 at 10-11.) The case law, however, is to the contrary.

To show that a predicate conviction is not a crime of violence "requires more than the application of legal imagination to a state statute's language." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). "It requires a realistic probability, not a theoretical possibility," that the statute would be applied to non-violent conduct, which in turn requires a showing of such

---

[8]Under the categorical approach, the court examines the elements of the state statute at issue to determine if they are identical to or narrower than the relevant federal statute. *United States v. Jones*, 878 F.3d 10, 16 (2d Cir. 2017).

application in a real case, whether the defendant's own or another's. *Id.* A petitioner cannot "simply hypothesiz[e] some non-violent scenario . . . that might satisfy a crime's statutory elements, but that is nowhere reflected in caselaw." *United States v. Scott*, No. 18-163, 2021 WL 786632, at *6 (2d Cir. Mar. 3, 2021) (*en banc*). Plaintiff has not pointed to any such "real case."[9]

Murder, attempted murder and assault with a dangerous weapon under New York law all required the use of violent force in the sense "not that 'use' must be physical but, rather, that it must be conscious." *Scott*, 2021 WL 786632, at *8; *see* N.Y. Penal Law § 125.25 (second degree murder requires "intent to cause the death of another person"); N.Y. Penal Law § 110.00 (attempt requires intent to commit the substantive crime); N.Y. Penal Law § 120.05 (assault with a deadly weapon requires "intent to cause physical injury to another person").[10] Even if those

---

[9]The closest he comes is his citation to *United States v. James*, 712 F.3d 79 (2d Cir. 2013), in which a defendant was charged with murder in aid of racketeering based on a murder committed by poisoning, *see id.* at 86. (Doc. 1147 at 11.) But *Scott* made clear that poisoning is the use of violent physical force. *See Scott*, 2021 WL 786632, at *3, 10 & n.19. Petitioner also cites *People v. Miranda*, 612 N.Y.S.2d 65 (App. Div. 1994), which involved a failure to act where there was a duty to do so, *see id.* at 65-66. (Doc. 1147 at 16.) But *Scott* also makes clear that such a failure, when coupled with an intent to cause physical injury – as it is in the predicates at issue here – is a use of violent physical force. *See* 2021 WL 786632, at *10-11. Finally, Petitioner's argument that intentional causation of injury does not necessarily involve the use of force, (Doc. 1147 at 15), has been rejected by *Scott*. *See* 2021 WL 786632, at *6.

[10]To the extent that Petitioner suggests that his conviction on Count 40 cannot stand because the underlying offense – assault under New York Penal Law § 120.05 – can be committed recklessly, he is incorrect. Section 120.05, which defines assault in the second degree, indeed criminalizes both causing physical injury by means of a dangerous weapon with intent to cause such injury, *see* N.Y. Penal Law § 120.05(2), and recklessly causing serious physical injury by means of a dangerous weapon, *see id.* § 120.05(4). But § 120.05 is divisible, *see United States v. Pena*, 762 F. App'x 34, 36 (2d Cir. 2019); *Singh v. U.S. Dep't of Homeland Sec.*, 526 F.3d 72, 78 (2d Cir. 2008), in that it sets out elements of the offense in the alternative, and therefore the modified categorical approach applies, *Pena*, 762 F. App'x at 37. Under that approach, the court may consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's conviction.

offenses are committed by omission in circumstances where the law imposes a duty to act, "a failure to act where there is a duty to act is the equivalent of *affirmative action* for purposes of identifying criminal culpability." *Scott*, 2021 WL 786632, at *13 (internal quotation marks omitted) (emphasis in original).

It is thus not surprising that the Second Circuit and courts within it have found, even before *Scott*, the state-law bases for the racketeering crimes charged here as § 924(c) or (j) predicates – murder under New York Penal Law § 125.25, attempted murder under New York Penal Law §§ 125.25 and 110.00, and assault under New York Penal Law § 120.05 – to be crimes of violence. *See United States v. Martinez*, No. 15-1384, 2021 WL 968815, at *6 n.4 (2d Cir. Mar. 16, 2021) (Defendant "does not question whether intentional murder under New York law is a violent crime, and neither do we."); *United States v. Smith*, 813 F. App'x 662, 664-65 (2d Cir. 2020) (summary order) (assault with dangerous weapon in violation of N.Y. Penal Law § 120.05(2) constitutes crime of violence under elements clause); *United States v. Sierra*, 782 F. App'x 16, 20-21 (2d Cir. 2019) (summary order) (attempted murder under New York law involves use of physical force, and it follows that murder also involves use of such force), *cert. denied*, 140 S. Ct. 2540 (2020); *United States v. Praddy*, 729 F. App'x 21, 24 (2d Cir.) (summary order) (attempted murder unmistakably involves use of physical force); *United States v. Scott*, 681 F. App'x 89, 94-95 (2d Cir. 2017 (summary order) (attempted murder is crime of

---

*Descamps v. United States*, 570 U.S. 254, 257 (2013).  Here Count 22 of the indictment, which is the violent crime in aid of racketeering underlying the § 924(c) charge in Count 40, did not specify a subsection of § 120.05, but the jury was instructed on 120.05(1) and 120.05(2).  It was informed that the former required intent to cause serious physical injury and causation of such injury, and that the latter required intent to cause physical injury and causation of such injury by means of a deadly weapon or dangerous instrument.  (Doc. 701 at 3954-55.)  Because both possibilities required intent, the inapplicable section permitting conviction based on recklessness is irrelevant.

violence); *United States v. Medunjanin*, No. 10-CR-19, 2020 WL 5912323, at *5-6 (E.D.N.Y. Oct. 6, 2020) (murder, attempted murder and assault under Penal Law §§ 120.05(1) and (2) are all crimes of violence under elements clause); *Boykin v. United States*, No. 16-CV-4185, 2020 WL 774293, at *8 (S.D.N.Y. Feb. 18, 2020) ("[I]ntentional causation of death, as required by N.Y. Penal Law § 125.25(1), necessarily involves the use of physical force."); *Mayes v. United States*, No. 12-CR-0385, 2019 WL 6307411, at *4 (E.D.N.Y. Nov. 25, 2019) ("Attempted murder, under either the New York state or federal standard, requires the attempted use of physical force."); *cf. Singh v. Barr,* 939 F.3d 457, 462-64 (2d Cir. 2019) (Penal Law § 120.05(2) requires use of violent physical force).[11]

These decisions are consistent with the Supreme Court's holding in *United States v. Castleman*, 572 U.S. 1570 (2014), that "the knowing or intentional application of force is a 'use' of force," *id.* at 170, and "the intentional causation of bodily injury necessarily involves the use of physical force," *id.* at 169. It is thus irrelevant that one could commit one of the underlying state crimes via poison or omission. *Scott*, 2021 WL 786632, at *10-12; *United States v. Sanchez*, 940 F.3d 526, 535-36 (11th Cir.), *cert. denied*, 140 S. Ct. 559 (2019); *cf. Banegas Gomez v. Barr*, 922 F.3d 101, 108 (2d Cir. 2019) (poisoning involves use of physical force), *cert. denied sub nom. Gomez v. Barr*, 140 S. Ct. 954 (2020). Intentional causation of death or bodily injury – as found by the jury for each of the challenged convictions – thus necessarily involves the use of physical force, and is a crime of violence.

---

[11]While most of the cited Second Circuit decisions are summary orders, they are an indication of that Court's views, which this Court should not disregard, *see United States v. Tejada*, 824 F. Supp. 2d 473, 475 (S.D.N.Y. 2010), particularly because they address matters of law, *see Boykin*, 2020 WL 774293, at *7, and because they have been repeated.

Because each of the New York statutes underlying the substantive violent crimes in aid of racketeering are crimes of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A), and because those substantive violent crimes in aid of racketeering are therefore also crimes of violence under that clause, and because those substantive violent crimes in aid of racketeering underlie the challenged §§ 924(c) and 924(j) violations, those convictions remain valid.

III.    Amendment

Petitioner wishes to amend his petition to argue that intentional murder under New York Penal Law § 125.25 is not a proper predicate under any of the federal racketeering statutes because it is broader than federal murder under 18 U.S.C. § 1111 or federal common-law murder, which require malice aforethought. Conceding that any such claim is untimely, he argues that it relates back to the claims in the original petition under Federal Rule of Civil Procedure 15(c)(1). (Doc. 1147 at 18.) Under that Rule, amendments are deemed to relate back to the original pleading if the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading. Fed. R. Civ. P. 15(c)(1). In the *habeas* context, a later claim will relate back only if it is "tied to a common core of operative facts" as the original claim. *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

Petitioner fails that test here. The original petition argued that the § 924(c) and (j) convictions rested on invalid predicates because the residual clause is void for vagueness under *Davis*. The proposed amendment would challenge that different counts of conviction on a different basis. It raises an entirely new and different claim "supported by facts that differ in both time and type from those the original pleading." *Mayle*, 545 U.S. at 650. It does not matter that it arises out of the same trial or the same events, or is of the same general type as the

12

original claim. *See Soler v. United States*, No. 05-CR-165, 2010 WL 5173858, at *4 (S.D.N.Y. Dec. 20, 2010); *Reiter v. United States*, 371 F. Supp. 2d 417, 423 (S.D.N.Y. 2005). The original complaint did not give fair notice of the new claim, *see Palmer v. Phillips*, No. 04-CV-1414, 2005 WL 1574655, at *2 (S.D.N.Y. July 6, 2005), and the new claim is "separate and distinct" from the original claim, *Veal v. United States*, No. 97-CR-544, 2007 WL 3146925, at *6 (S.D.N.Y. October 9, 2007) (claim that attorney was ineffective in different way than originally alleged did not relate back), *aff'd*, 334 F. App'x 402 (2d Cir. 2009); *see Celaj v. United States*, No. 13-CV-1290, 2021 WL 323303, at *6 (S.D.N.Y. Feb. 1, 2021) (same) (collecting cases). The new claim is thus time-barred.[12]

## Conclusion

For the reasons stated above, the Petition is granted as to Count 30 and otherwise denied. As Petitioner makes no substantial showing of a denial of a constitutional right except as to Count 30, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *Mathews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Clerk of Court shall docket this Order in No. 10-CR-392 and No. 16-CV-9418, and close No. 16-CV-9418.

It appears to the Court that the conviction and sentence on Count 30 should simply be vacated. But Petitioner argues that he is entitled to a plenary re-sentencing at which he would get the benefit of Section 403 of the First Step Act, which provided that § 924(c) and (j) convictions returned at the same trial should not be "stacked." (Doc. 1158 at 5.) This argument

---

[12] Even if the claim were timely, I would find it to be procedurally barred for failure to raise it on direct appeal, and that it fails on the merits, essentially for the reasons stated by the Government. (*See* Doc. 1150 at 37-44.)

was made in reply and the Government has not had the opportunity to respond to it.[13]

Accordingly, the Government shall state its position by letter no later than April 22, 2021, and Petitioner may reply no later than May 6, 2021.

SO ORDERED.

Dated: March 25, 2021
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[13] The Government has suggested that Petitioner has the right to opt for a formal resentencing, (*see* Doc. 1150 at 3, 45), but has not addressed the First Step Act issue.